

**MARK HAMMERVOLD**
Licensed to practice
in Illinois, Tennessee, and Florida

July 9, 2024

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**MEMO ENDORSED**

    *RE:*    *Yam v. Xin, 23-cv-9793*

Dear Judge Failla,

    Pursuant to Rule 3.C of Your Honor's Individual Rules in Civil Cases, I hereby submit this letter on behalf of my client, Plaintiff Wanglap Yam to request an informal conference to resolve a discovery dispute.

    On February 24, 2024, Plaintiff propounded its first set of Requests for Production to Defendants.[1] Defendants' responses were due March 25, 2024. On May 31, 2024, Plaintiff propounded its second set of Requests for Production, first set of Interrogatories, and first set of Requests for Admission.[2] Defendants' responses were due on July 1, 2024. Defendants have not responded to either set of Plaintiffs' written discovery requests and have not sought an extension of time to do so, from the Plaintiff or the Court.

    By failing to raise any objections to Plaintiff's discovery requests within the deadline to do so, Defendants have waived their non-privilege objections. *See e.g., Cohalan v. Genie Indus.,* 276 F.R.D. 161, 163-164 (S.D.N.Y. 2011). By failing to respond to Plaintiff's requests for admissions, those requests are deemed admitted. Fed. R. Civ. P. 36(a)(4).

    Counsel for the Parties had a meet-and-confer call on July 3, 2024 to discuss and attempt to reach a resolution of this issue, without court intervention. During the call, Counsel for Defendants would not agree that Defendants had waived any objections or that Plaintiff's requests for admissions were deemed admitted. He also would not commit to when Defendants would respond to Plaintiff's discovery responses. Counsel for Defendants' only explanation for Defendants' failure to respond was that Plaintiff had issued "a lot of requests."[3] Defendants have not committed to any specific date for providing responses and still have not responded to either set of Plaintiff's written discovery requests, nearly a week after the meet and confer call.

---

[1] **Exhibit 1**.
[2] **Exhibit 2**.
[3] Plaintiff's First Requests for Production – to which Defendants' responses are 106 days overdue as of this letter – contained only two targeted requests for documents.

155 S. Lawndale Ave., Elmhurst, IL 60126 · **T:** 405.509.0372 · **E:** mark@hammervoldlaw.com · **W:** Hammervoldlaw.com



**MARK HAMMERVOLD**
Licensed to practice
in Illinois, Tennessee, and Florida

Regards,

**s/Mark Hammervold**

Mark Hammervold, IL #6320744, *pro hac vice*
Hammervold Law, LLC
155 S. Lawndale Ave.
Elmhurst, IL 60126
(T) 405.509.0372
(F) 615.928.2264
mark@hammervoldlaw.com

*Attorney for the Plaintiff Wanglap Yam*

```
The Court is in receipt of Plaintiff's above request for an informal
conference to resolve a discovery dispute (Dkt. #57).

It is the Court's practice to stay discovery where, as here, there is a
pending motion to dismiss.  (See generally Dkt. #44, 53).  To that end,
the Court has not yet entered a scheduling order in this case setting
forth any deadlines for the parties' exchange of discovery, and has no
intention of compelling either party to produce any discovery before
the pending motions to dismiss are resolved.  Accordingly, Plaintiff's
request is hereby DENIED.

The Clerk of Court is directed to terminate the pending motion at docket
entry 57.

Dated:     July 10, 2024              SO ORDERED.
           New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE